IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAMONA CONTRERAS | § | |
| | § | |
| V. | § | |
| | § | A-09-CA-402-SS |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATED MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Original Complaint seeking reversal of the final decision of the Social Security Administration, filed on June 2, 2009 (Clerk's Doc. No. 4); Plaintiff's Brief in Opposition to the Commissioner's Decision, filed on October 19, 2009 (Clerk's Doc. No. 15); Defendant's Brief in Support of the Commissioner's Decision, filed on December 7, 2009 (Clerk's Doc. No. 17); and Plaintiff's Response to the Court's Order to Show Cause, filed February 10, 2010 (Clerk's Doc. No. 19).

The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**DISCUSSION**

On June 2, 2009, the Court granted Plaintiff *in forma pauperis* ("IFP") status and ordered that her complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). In doing so, the Court cautioned Plaintiff that the Court may make a determination in the future that the action should be dismissed pursuant to 28 U.S.C. § 1915(e). That

statute provides that a district court "shall dismiss" a case brought IFP at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Claims asserted in an IFP complaint which are, on their face, barred by the applicable statute of limitations, are properly dismissed as frivolous. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-21 (5th Cir. 1998); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). "In an action under section 1915, a district court may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

After reviewing the record in this case, it appeared to the Court that Plaintiff's action was barred by the applicable 60-day limitations period for social security appeals.[1] Plaintiff filed her complaint on May 19, 2009. Plaintiff stated in her complaint that she received notification on March 17, 2009, of the Appeals Council's determination that the decision of the Administrative Law Judge was correct. Accordingly, March 17, 2009, was the day the 60-day limitations period began to run. *See Jackson v. Astrue*, 1:09-cv-612-SS, Clerk's Doc. No. 8 (W.D. Tex. Dec. 21, 2009) (holding that 60-day period begins to run from date Plaintiff unequivocally states in her complaint that she received notice of the Appeals Council's decision). Sixty days from March 17, 2009, was Saturday, May 16, 2009. When a deadline falls on Saturday, the period is extended until the end of the next business day, FED. R. CIV. P. 6(a)(1)(C), in this instance, Monday, May 18, 2009. This means that

---

[1] "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g). The governing regulations clarify the term "mailing" by stating that a civil action must be commenced within sixty days after the notice "is received by the individual." 20 C.F.R. § 422.210(c).

2

Plaintiff had until May 18, 2009, to file her complaint to meet the 60-day limitations period. As noted earlier, the complaint was not filed until May 19, 2009.[2]

On February 8, 2010, the Court issued an order discussing the fact that the complaint was filed beyond the statute of limitations and ordered Plaintiff to show cause why her case should not be dismissed. On February 10, 2010, Plaintiff responded by stating that the notice was sent to her previous attorney, who did not notify her of the appeals council decision until April 9, 2009.[3] However, notice on the attorney is effective as notice on the Plaintiff. As the Supreme Court stated in *Link v. Wabash Railroad Company*:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and considered to have notice of all facts, notice of which can be charged upon the attorney.

370 U.S. 626, 633-34 (1962) (internal quotations omitted). Thus, the fact that the notice was sent to her attorney does not affect the date that the notice was "received" by the Plaintiff.

Plaintiff further argues that even if she could not show that she received the Appeals Council decision until April 9, 2009, the claim should still be considered timely filed based on the fact that the Appeals Council does not count the first 5 days after the date stamp on the Appeals Council decision. This argument was made by Plaintiff's counsel in *Jackson v. Astrue*, 1:09-cv-612-SS, and was squarely rejected by the Court. As the Court explained, the regulations do not give a party an extra five days to file in every case, but rather set up a rebuttable presumption that notice was

---

[2]Specifically, Plaintiff's application to proceed *in forma pauperis* was filed on May 19, 2009. The complaint was not actually filed until June 2, 2009, the date the application was granted.

[3]Plaintiff's counsel attached two exhibits to support her claim of when she actually received the notice, but neither of these exhibits have anything to do with this Plaintiff.

received five days after the date such notice was issued. *See Jackson v. Astrue*, 1:09-cv-612-SS, Clerk's Doc. No. 8, at 4 (W.D. Tex. Dec. 21, 2009). By unequivocally stating in the complaint that Plaintiff received the Appeals Council's decision on March 17, 2009, this date begins the 60-day limitations period.[4]

Finally, Plaintiff argues that undue hardship would result if the claim is dismissed, so the Court should nevertheless allow it to proceed. However, Plaintiff (or her counsel) failed to file her complaint within the statute of limitations, and Plaintiff does not show that the circumstances in this case warrant ignoring her attorney's malfeasance. *See Link*, 370 U.S. at 634 n.10 ("[A] civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit."). While it may seem harsh to punish the client for the attorney's failure to file the complaint on time, such an approach serves important interests. "Holding the client responsible for the lawyer's deeds ensures that both clients and lawyers take care to comply. If the lawyer's neglect protected the client from consequences, neglect would become all too common. It would be a free good—the neglect would protect the client, and because the client would not suffer the lawyer would not suffer either." *Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir. 1986). But this does not mean that Plaintiff is left entirely without a remedy. As the Supreme Court has noted, where an attorney's conduct "falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." *Id*

Plaintiff's counsel's failures in this Court have been well-documented by the undersigned over the past several years. The Court has given Ms. Felps considerable leeway and forgiven many

---

[4]As for Plaintiff's counsel's claim that some unnamed staff person erred when he put March 17, 2009, as the date the notice was received, Plaintiff does not offer any proof for this assertion. There is no statement by this staff person, sworn or otherwise, nor is there even a name of who this person is. Moreover, Plaintiff's counsel never sought leave to amend her complaint to correct this alleged error.

4

a failing for the very reason she advocates for here—so that the client is not harmed by the attorney's failures. As the Seventh Circuit explained in *Tolliver*, allowing repeated failures to go unpunished is a policy that ultimately promotes below-standard practice, and that is exactly what has happened here. There comes a time when the Court must say "enough," and that time has come.

## CONCLUSION

Because Plaintiff unequivocally stated in her complaint that she received notice of the Appeals Council's decision on March 17, 2009, Plaintiff had until May 18, 2009, to file her complaint to meet the 60-day limitations period. Plaintiff failed to do so. Claims asserted in an IFP complaint which are, on their face, barred by the applicable statute of limitations, are properly dismissed as frivolous. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998). Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).

## WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of March, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE