IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RAMONA CONTRERAS | § |
| | § |
| V. | § |
| | §  A-09-CA-402-AWA |
| MICHAEL J. ASTRUE, | § |
| COMMISSIONER OF THE SOCIAL | § |
| SECURITY ADMINISTRATION | § |

### MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Original Complaint seeking reversal of the final decision of the Social Security Administration (Clerk's Doc. No. 4); Plaintiff's Brief in Opposition to the Commissioner's Decision (Clerk's Doc. No. 15); and Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 17). Also before the Court is the Social Security record filed in this case (Cited as "Tr."). Plaintiff Ramona Contreras appeals from the determination that she is not disabled and presents for review two issues: (1) whether substantial medical evidence supports the Commissioner's findings in regard to residual functional capacity; and (2) whether the ALJ erred in finding that Contreras could perform the jobs of surveillance systems monitor, dowel inspector, or call out operator. Both parties have consented to have the undersigned adjudicate the claims.

### I.  GENERAL BACKGROUND

On March 22, 2006, Ramona Contreras (hereinafter "Contreras" or "Plaintiff") applied for benefits under Title II of the Social Security Act (the "Act") (Tr. 12). Suarez alleged disability beginning January 6, 2006 (Tr. 113). The claim was denied initially on June 22, 2006, and upon reconsideration on October 2, 2006 (Tr. 53, 62). Contreras timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 28, 2007, in Austin, Texas (Tr. 67, 21-50). Contreras testified at the hearing and was represented by her attorney, Susan Denzer (Tr.

21).[1]  Karyl Kuuttila, a vocational expert, and Barbara Felkins, a medical expert, also appeared and testified at the hearing (Tr. 21).  The ALJ issued an unfavorable decision dated November 30, 2007, finding that Contreras was not disabled within the meaning of the Act (Tr. 9–20).  The Appeals Council declined Contreras's request for review by notice on March 17, 2009, making it the final decision of the Commissioner (Tr. 1–3).  Contreras then brought the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying her benefits under the Act.

## II.  FINDINGS OF ADMINISTRATIVE LAW JUDGE

The ALJ found that Contreras has the following severe impairments: Lupus, arthritic symptoms, and polyarthritis joint pain in the hands (Tr. 14).  The ALJ further found that Contreras does not have an impairment or combination of impairments that meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 14).  In regard to residual functional capacity ("RFC"), the ALJ found that Contreras has the RFC to perform sedentary work with occasional use of both hands and upper extremities (Tr. 15).  After considering Contreras's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Contreras can perform (Tr. 19).  Specifically, the ALJ found that Contreras is capable of working as a surveillance system monitor (8,400 in the regional economy; 125,000 in the national economy), as a dowel inspector[2] (3,100 in the regional economy; 649,000 in the national economy), and as a call-out operator (3,000 in the regional economy; 40,287

---

[1] In this appeal, she is represented by Mary Ellen Felps.

[2] The undersigned notes that the ALJ incorrectly listed "dial inspector" as a job Contreras could perform.  This finding was based on testimony from the vocational expert, who testified that Contreras could work as a "dowel inspector" (Tr. 44).

in the national economy) (Tr. 19). Accordingly, the ALJ found that Contreras is not disabled as defined in the Act (Tr. 19).

### III.  ISSUES BEFORE THE COURT

Contreras contends that the ALJ's decision is not supported by substantial evidence and is not based upon the proper legal standards. Specifically, Contreras argues that (1) substantial medical evidence does not support the Commissioner's findings in regard to residual functional capacity; and (2) the vocational evidence does not support the conclusions of the ALJ that Contreras could perform the jobs of surveillance systems monitor, dowel inspector, or call out operator.

### IV.  STANDARD OF REVIEW

In Social Security disability appeals, the limited role of the reviewing court, as dictated by 42 U.S.C. § 405(g), is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standard. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *James v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Courts weigh four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). However, the reviewing court cannot re-weigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts

in the evidence." *Martinez*, 64 F.3d at 174. If supported by substantial evidence, the Commissioner's findings are conclusive and are to be affirmed. *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988).

### V. ANALYSIS

**A.     Is remand required so that the ALJ can properly address the evidence relating to Contreras's difficulty "sustaining" work?**

In her first issue for review, Contreras states that substantial medical evidence does not support the Commissioner's findings in regard to residual functional capacity. Looking at her argument, however, it appears that Contreras is actually complaining about the ALJ not mentioning a statement made by the medical expert during the hearing relating to Contreras's ability to sustain work. The entirety of Contreras's argument in her first issue is as follows:

> "In the instant case, the medical expert witness testified that Ms. Contreras is 'kind of a borderline case in terms of being able to sustain work' (TR 38-9). Yet the ALJ did not include this in the residual functional capacity finding nor in the hypothetical posed to the vocational expert witness (TR 15, 43). For this reason, this case should be remanded for the evidence of difficulty in 'sustaining' work to be properly addressed."

Pl. Brief at 5.

Having reviewed the record, and specifically Dr. Felkins's testimony, the undersigned finds no error in the ALJ's findings as they relate to Contreras's ability to sustain work. The hearing transcript shows that the medical advisor, Dr. Felkins, expressed a clear and unambiguous opinion regarding Plaintiff's functional abilities—that Contreras could perform sedentary work that only required occasional use of the arms (Tr. 39). Thus, even if Dr. Felkins felt it was a "borderline case"

on the work sustainability issue,[3] she ultimately decided that Contreras was capable of sustaining sedentary work (with some limitations). The ALJ incorporated this opinion into the residual functional capacity finding and in the hypothetical posed to the vocational expert witness (Tr. 43). Importantly, this opinion was not challenged by counsel, and the medical expert's use of "borderline" in terms of ability to sustain work was not further addressed in cross-examination.

Because Dr. Felkins's specific and unchallenged response to the ALJ's question regarding Plaintiff's functional ability constitutes substantial evidence in support of the ALJ's findings in this case, Plaintiff is not entitled to remand.

**B.     Did the ALJ err in finding that Contreras could perform the jobs of surveillance systems monitor, dowel inspector, or call out operator?**

In her second issue, Plaintiff argues that the ALJ erred in finding that she could perform any of the jobs mentioned in the ALJ's decision. However, in her argument, Plaintiff concedes that the ALJ made no error in regard to the surveillance system monitor job. *See* Pl. Brief at 6 ("Therefore, the only job that meets the residual functional requirements is the surveillance system monitor."). Thus, even assuming Plaintiff is correct that the ALJ erred in regard to the dowel inspector and call out operator jobs,[4] in is undisputed that Plaintiff has the ability to perform work that exists in

---

[3]The Commissioner argues that Dr. Felkins used the term in her testimony to describe something entirely different—the medical support Plaintiff's records provided for Plaintiff's complaints, which Dr. Felkins described as "a little sparse." Even assuming that Plaintiff is correct in her interpretation of what Felkins was referring to, she is not entitled to remand, as Felkins ultimately decided that Contreras was capable of sustaining sedentary work.

[4]The Commissioner argues that the ALJ did not err in finding that Contreras could perform these two positions, and it appears that the Commissioner is correct. However, given that a significant number of surveillance system monitor jobs exist that Contreras can perform, the undersigned need not reach this issue.

significant numbers.[5] In other words, any error as to the two other jobs would be harmless. Accordingly, the Commissioner's decision will be affirmed.

### VI. CONCLUSION

In light of the foregoing, the undersigned Magistrate Judge **AFFIRMS** the final decision of the Commissioner and **ENTERS JUDGMENT** in favor of the Defendant.

SIGNED this 13th day of August, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[5] As noted above, 8,400 surveillance system monitor jobs exist in the regional economy, and 125,000 exist in the national economy.